IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

KATHY JOYCE SPURLOCK,

      Plaintiff,

V.                                             CIVIL ACTION NO. 3:08-1177

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

## **MEMORANDUM ORDER**

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her applications on September 30, 2005, alleging disability commencing March 7, 2003, as a consequence of a lateral meniscus tear, contusion, arthritis, heart problems, diabetes and depression. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-six years of age and had a high school education, one year of college and vocational training. Her past relevant employment

experience consisted of work as a LPN nurse. In his decision, the administrative law judge determined that plaintiff suffers from left knee arthritis status post partial lateral meniscectomy, an impairment he found severe. Though concluding that plaintiff was unable to perform her past work,[1] the administrative law judge determined that she had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.21 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

Before this Court, plaintiff asserts that her physical and mental[3] impairments in combination equal a listed impairment. Plaintiff makes this assertion without providing any legal or regulatory support, only stating that it is "obvious." The administrative law judge reviewed her knee impairment under section 1.00, which includes the entire musculoskeletal system, and specifically section 1.02A/B, which covers disability as a result of major dysfunction of a joint. He found that plaintiff did not show "the degree of motor or neurological deficits required ... nor does the record show that she is unable to effectively ambulate." Clearly, the administrative law judge conducted an appropriate review of plaintiff's impairments under Appendix 1, and his finding that they did not meet or equal the criteria for a listed impairment is supported by the evidence.

Plaintiff also asserts that the Commissioner made a faulty credibility assessment, and that she "is entitled to full credibility because her exertional and non-exertional impairments are disabling

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

[3] The administrative law judge did not find a "severe" mental impairment, and the scant evidence of depression does not indicate the presence of an impairment which, with plaintiff's other impairments, equals a listing.

2

in nature." The regulations describe a two-step process for evaluating symptoms.[4] The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[5] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[6] The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in evaluating the intensity, persistence, and limiting effects of symptoms, Craig v. Chater, supra at 595, subjective complaints may not be discredited solely because they lack objective support. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).

Examination of the record in this case establishes the administrative law judge properly assessed the plaintiff's credibility, concluding that her statements concerning the intensity, persistence and limiting effects of her symptoms were "not entirely credible." The administrative law judge made this credibility determination after having the opportunity to observe plaintiff at the hearing and after considering the relevant factors listed in 96-7p.[7] In considering these factors, the

---

[4] See 20 C.F.R. §§ 404.1529 and 416.929; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[5] Id.

[6] Id.

[7] See also 20 C.F.R. §§ 404.1529 and 416.929(c)(3); The factors include: (1) the extent of claimant's daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or

administrative law judge noted that plaintiff is able to take care of her own personal needs, except for putting on her shoes and socks; drive a car; and help her son get ready for school and on the bus. He noted complaints of pain in both of her knees, hips, and back, aggravated by being on her feet for an extended period of time, and that she has been prescribed pain medication, has tried physical therapy and aqua therapy, and has used a cane and walker. He also noted that her pain is relieved by lying down and keeping her feet elevated.

The administrative law judge proceeded to list several inconsistencies between plaintiff's statements and the medical evidence. Plaintiff testified to continued severe left knee pain, but following her surgery in 2004 she only received conservative treatment. She reported that she needed more and more help with daily activities, but she reported that she was able to perform all of her household chores and go to the store two to three times a week. She has used a cane and a walker to get around, but she demonstrated at a consultative exam her ability to walk without an assistive device. Also, she has admitted to being non-compliant with her medication and diet for her diabetes. Based on the foregoing, it is clear that appropriate methodology was applied by the administrative law judge and that substantial evidence supports his findings regarding plaintiff's credibility.

Lastly, plaintiff asserts that the administrative law judge erred by not seeking additional medical evaluations. The administrative law judge is in no way obligated to send plaintiff for a consultative examination merely because she requests one.[8] Instead, an administrative law judge will decide to obtain a consultative examination "when the evidence as a whole, both medical and

---

other symptoms.

[8] See 20 C.F.R. §§ 404.1517, 416.917.

nonmedical, is not sufficient to support a decision on the claim." 20 C.F.R. §§ 404.1519a(b), 416.919a(b). The administrative law judge made his findings based on the entire record, which he concluded was complete for purposes of making a determination. This Court finds that substantial evidence supports the administrative law judge's findings, and that the medical evidence was "sufficient" for decision in this case.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, the weight given various medical opinions, and the assessment of plaintiff's credibility are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: February 2, 2010

*/s/ Maurice S. Taylor, Jr.*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE